UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CORLIS VERNON, individually and on behalf
of all others similarly situated,

Case No.

**CLASS ACTION COMPLAINT**

Plaintiff,

**JURY DEMAND**

v.

CLOSETS BY DESIGN, INC. and HOME
ORGANIZERS INC.,

Defendants.

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

# Table of Contents

I.      Introduction. ................................................................................................... 1

II.     Parties. ............................................................................................................ 4

III.    Jurisdiction and Venue. ................................................................................. 4

IV.     Facts. .............................................................................................................. 5

        A.      Defendants' fake sales and discounts. .............................................. 5

        B.      Defendants' advertisements violate Washington law. ...................... 11

        C.      Defendants' advertisements harm consumers .................................. 11

        D.      Defendants know that their conduct is deceptive and illegal .......... 13

        E.      Plaintiff was misled by Defendants' misrepresentations. ................ 15

        F.      Defendants breached their contract .................................................. 16

        G.      No adequate remedy at law. ............................................................. 16

V.      Class Action Allegations ............................................................................. 16

VI.     Claims ......................................................................................................... 18

        Count I: Violation of the Washington Consumer Protection Act: RCW Chapter 19.86 ........ 18

        Count II: Breach of Contract ....................................................................... 19

        Count III: Breach of Express Warranty ....................................................... 20

        Count IV: Breach of Implied Warranty ....................................................... 21

        Count V: Quasi-Contract/Unjust Enrichment ............................................. 22

        Count VI: Negligent Misrepresentation ...................................................... 22

        Count VII: Intentional Misrepresentation ................................................... 23

VIII.   Prayer for Relief .......................................................................................... 24

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

# I.    Introduction.

1.    Advertised "sale" prices are important to consumers.  Consumers are more likely to purchase an item if they believe that they are getting a good deal.  Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

2.    While there is nothing wrong with a legitimate sale, a fake one—that is, one with made-up regular prices, made-up discounts, and made-up expirations—is deceptive and illegal.

3.    The Federal Trade Commission's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price.  16 C.F.R. § 233.1.  They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," for example, ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case.  16 C.F.R. § 233.1.

4.    These sales violate Washington's general prohibition on unfair or deceptive business practices.  *See* Wash. Rev. Code Ann. § 19.86.020.

5.    Defendants Closets by Design, Inc. and Home Organizers Inc. (collectively, "Closets by Design" or "Defendants") make, sell, and market home organizing products including, but not limited to, custom closets, garages, storage solutions, and home offices (the "Products").

6.    In May 2019, Defendant Closets by Design, Inc. was sued for using "False and misleading promotional offers" to "induce[] [consumers] to purchase home organizer systems they would not otherwise have purchased … but for Defendants[s'] false and misleading advertising."[1] Despite having been sued for these practices, Defendants are once again engaged in the same deceptive practice.

7.    On their website, Defendants advertise purported time-limited discounts that "expire[]" on a certain date.  Examples are shown on the following page:

---

[1] https://www.classaction.org/news/closets-by-design-accused-of-selling-home-organizer-products-at-false-discount-prices

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1
2
3
4
5
6
7
8
9
10
11
12



13   8.      Similarly, Defendants also advertise and distribute discounts through physical mailers.

14   For example:

15
16
17
18
19
20
21
22
23
24
25
26
27



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

9.      Far from being time-limited, however, Defendants' discounts are always available (and always offer at least 40% off the purported regular prices). As a result, everything about Defendants' purported discounts and advertising is false. The purported regular prices of the Products are not actually Defendants' regular prices, because Defendants' Products are always available for at least 40% less. Similarly, the purported discounts that Defendants advertise are not true discounts, and are often not discounts at all. Plus, the purported discounts do not "expire[]" on the specified date—quite the opposite, they are always available.

10.     As described in greater detail below, Plaintiff bought custom Products from Defendants. Like Defendants' other customers, when Plaintiff bought the Products, Defendants advertised that a sale was going on, and that the Products were heavily discounted. In other words, Defendants represented that the Products Plaintiff purchased were being offered at a steep discount from their purported regular prices. Based on Defendants' representations, Plaintiff believed that she was purchasing Products that usually retailed for higher regular prices, that she was receiving a 55% discount from those prices, and that the opportunity to get that discount was time-limited.

11.     In truth, however, the representations Plaintiff relied on were not true. The purported regular prices were not the true regular prices. The purported discounts were not real discounts. And the sale Defendants advertised was not really limited in time. Had Defendants been truthful, Plaintiff and other consumers like her would not have purchased the Products, or would have paid less for them.

12.     Plaintiff brings this case for herself and the other customers who purchased Closets by Design Products.

**II.     Parties.**

13.     Plaintiff Corlis Vernon is domiciled in Mill Creek, Washington.

14.     The proposed class includes citizens of at least 32 states (the states in which Defendants operate).

15.     Defendant Closets by Design, Inc. is a California corporation with its principal place of business at 3860 Capitol Avenue, Whittier, California 90601.

16.     Defendant Home Organizers Inc. is a California corporation with its principal place of business at 3860 Capitol Avenue, Whittier, California 90601.

**III.     Jurisdiction and Venue.**

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendants.

18.     This Court has personal jurisdiction over Defendants.  Defendants do business in Washington.  They advertise and sell their Products in Washington, and serve a market for their Products in Washington.  Due to Defendants' actions, their Products have been marketed and sold to consumers in Washington, and harmed consumers in Washington.  Plaintiff's claims arise out of Defendants' contacts with this forum.  Due to Defendants' actions, Plaintiff purchased Defendants' Products in Washington, and was harmed in Washington.

19.     Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendants would be subject to personal jurisdiction in this District if this District were a separate state.  Defendants advertise and sell their Products to customers in this District, serve a market for their Products in this District, and Plaintiff's claims arise out of Defendants' contacts in this forum.  Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred here.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**IV.    Facts.**

    **A.    Defendants' fake sales and discounts.**

    20.    Defendants make, sell, and market home organizing Products.

    21.    Defendants' advertisements, online and through physical mailers, create an illusion that at any given time, customers are receiving a limited-time discount.

    22.    Defendants do this by advertising fake limited-time sales.  These sales always offer at least 40% off the regular prices for Defendants' Products.  Although these discounts run in perpetuity, Defendants prominently claim they will "expire" on a certain date or after a certain period of time.  And they advertise these discounts extensively: on a blue, attention-grabbing banner on their website's homepage; on their Website's "consultation" page (where consumers can schedule an in-home design consultation) in red, capital letters; and at the top of each webpage on their website.  Example screenshots are provided below:



Captured June 26, 2022

Captured October 17, 2022

Captured December 3, 2022

Captured March 15, 2023

CLASS ACTION COMPLAINT
Case No.

5

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1

ClosetsbyDesign    HOME  CLOSETS  GARAGES  HOME OFFICES  WALLBEDS  MEDIA CENTERS  LAUNDRY ROOMS  PANTRIES  HOBBY ROOMS

2

**40+15% Off** Plus Free Installation    **12 Month** SPECIAL FINANCING with Approved Credit

3

Captured July 18, 2023

4

ClosetsbyDesign    INTERNET OFFER: 40+15% Off. Free Installation Click here to learn more.    LET'S GET STARTED    1-800-500-9210

5

Follow us:    HOME  CLOSETS  GARAGES  HOME OFFICES  WALLBEDS  MEDIA CENTERS  LAUNDRY ROOMS  PANTRIES  HOBBY ROOMS

6



SCHEDULE A FREE IN-HOME DESIGN CONSULTATION

7

12 MONTH SPECIAL FINANCING AVAILABLE, WITH APPROVED CREDIT.
INTERNET OFFER: 40+15% OFF. Free Installation

8

9

Terms and conditions: 40+15% off any order of $1000 or more, or 30% off any order of $700-$999 on any complete custom closet, garage, or home office unit. Free installation on any order of $850 or more. 12 Month Financing with minimum financing order required. Not valid with any other offer. With incoming order, at time of purchase only. May not be valid at all locations. Offer expires on 2/28/2023.

10

Captured February 14, 2023

11

ClosetsbyDesign    INTERNET OFFER: 40+15% Off. Free Installation Click here to learn more.    LET'S GET STARTED    1-800-500-9210

12

Follow us:    HOME  CLOSETS  GARAGES  HOME OFFICES  WALLBEDS  MEDIA CENTERS  LAUNDRY ROOMS  PANTRIES  HOBBY ROOMS

13



SCHEDULE A FREE IN-HOME DESIGN CONSULTATION

14

12 MONTH SPECIAL FINANCING AVAILABLE, WITH APPROVED CREDIT.
INTERNET OFFER: 40+15% OFF. Free Installation

15

16

Terms and conditions: 40+15% off any order of $1000 or more, or 40% off any order of $700-$999 on any complete custom closet, garage, or home office unit. Free installation on any order of $850 or more. 12 Month Special Financing with minimum financing order required. Not valid with any other offer. With incoming order, at time of purchase only. May not be valid at all locations. Offer expires on 07/30/2023.

17

Captured July 18, 2023

18

ClosetsbyDesign    INTERNET OFFER: 40+15% Off. Free Installation Click here to learn more.    LET'S GET STARTED    1-800-500-9210

19

Follow us:    HOME  CLOSETS  GARAGES  HOME OFFICES  WALLBEDS  MEDIA CENTERS  LAUNDRY ROOMS  PANTRIES  HOBBY ROOMS

20

WALK-IN CLOSET GALLERY

21

HOME > WALK-IN CLOSET GALLERY

22

GET STARTED

23

    

24

25

26

27

Captured July 25, 2023

CLASS ACTION COMPLAINT
Case No.

6

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066



Captured July 25, 2023

23.    Defendants represent that these discounts will only be available for a limited time, but in reality, they continue indefinitely.  For example, as depicted below, Defendants represent that their sales expire on a particular date, for example: "expires on 2/28/23."  To reasonable consumers, this means that after the specified date, Defendants' Products will no longer be on sale and will retail at their purported regular prices.  But immediately after each purportedly time-limited sale ends, Defendants generate another similar discount, with a new expiration date.

24.    For example, on February 27, 2023, Defendants advertised a purportedly time-limited sale that "expires on 2/28/2023."

Captured February 27, 2023

CLASS ACTION COMPLAINT
Case No.

7

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

25. However, on March 1, 2023, the day that the time-limited sale was supposed to have ended, Defendants advertised the same sale with a new expiration date, 3/11/2023.



Captured March 1, 2023

26. Plaintiff's counsel performed an investigation of Defendants' advertising practices using the Internet Archive's Wayback Machine (available at www.archive.org.[2]  That investigation revealed that Defendants' sales have persisted continuously since at least August 5, 2019 (throughout the relevant statute of limitations period).  For example, 40 randomly selected screenshots of Defendants' website, www.closetsbydesign.com, were collected from the Internet Archive's Wayback Machine, from the 2019-2022 period.  In addition, 15 additional screen captures from the www.closetsbydesign.com website were captured in 2023 by visiting the website and recording screen captures.  One hundred percent of the 55 randomly selected screenshots of Defendants' website, captured on the Wayback Machine and directly on the website, displayed a purportedly time-limited discount of at least 40%.

27. Defendants carry out the same deceptive pricing scheme in their physical advertisements too.  Defendants mail these advertisements to consumers and offer discounts of at least 40% off of regular prices.  Example photos are provided on the following page:

---

[2] The Internet Archive, available at archive.org, is a library that archives web pages. https://archive.org/about/

CLASS ACTION COMPLAINT
Case No.

8

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066





28.     In addition, Defendants use social media to advertise their "discounts." For example, Defendants post videos and photos to their Closets by Design Facebook account advertising sales of at least 40% off their Products:

CLASS ACTION COMPLAINT
Case No.

9

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22





Posted August 19, 2022          Posted January 22, 2021

Posted December 4, 2020          Posted November 18, 2020

29.    Using these tactics, Defendants lead reasonable consumers to believe that they will get a

discount on the Products they are purchasing if they purchase during the limited time promotion.  In

other words, Defendants' advertisements lead reasonable consumers to believe that if they buy now,

they will get a Product worth X at a discounted, lower price, Y.  This creates a sense of urgency: buy

CLASS ACTION COMPLAINT
Case No.

10

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

now, and you will receive something worth more than you pay for it; wait, and you will pay more for the same thing later.

30.    In short, based on Defendants' advertisements, reasonable consumers reasonably believe that the discounts offer, for example, "40% off" of the regular prices of Defendants' Products (that is, the prices at which the goods were offered for sale before the limited-time offer went into effect).  Said differently, reasonable consumers believe that, prior to the supposedly time-limited promotion, consumers had to pay the regular price to get the item and did not have the opportunity to get a discount from that regular price.  For example, a reasonable consumer who is quoted $10,000 for a custom closet system and is promised a 40% discount, reasonably believes that the closet system's regular price is $14,000 (40% more than the discounted price), and that they are receiving a substantial discount off of that price because they are purchasing the product during the sale.

**B.    Defendants' advertisements violate Washington law.**

31.    The Federal Trade Commission's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price.  16 C.F.R. § 233.1.  They also prohibit false or misleading "retail price comparisons" that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case.  16 C.F.R. § 233.1.

32.    Advertising such false "bargains" is false, misleading, and unfair.  Accordingly, it violates Chapter 19.86 of Washington's Consumer Protection Act, which states, for example, that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful.  Wash. Rev. Code Ann. § 19.86.020.

33.    So not only are Defendants' business practices generally deceptive and fraudulent and therefore banned—in Washington, they are also specifically prohibited by statute.

**C.    Defendants' advertisements harm consumers.**

34.    Based on Defendants' advertisements, reasonable consumers expect that Defendants' regular prices (the prices without the advertised discounts) are former prices at which Defendants

1    actually sold their Products before the discounts were introduced for a limited time; that they are the

2    prevailing prices for the Products; and that they represent the true market value of the Products.

3        35.    Reasonable consumers also expect that, if they purchase during the sale, they will receive

4    products whose market value is the regular, non-discounted price, for a lower, discounted price.  For

5    example, for items that are purportedly 55% off, reasonable consumers would expect that they are

6    receiving a 55% discount as compared to the regular price, and that the items have a market value of

7    55% more than what they are spending.

8        36.    As explained above, however, Plaintiff's and class members' reasonable expectations

9    were not met.  Instead of receiving products with a market value equal to the alleged regular prices, they

10   received items worth at least 40% less.  In addition, instead of receiving a significant discount, Plaintiff

11   and the class received little or no discount, or in some cases even received an item whose regular price

12   and market value were less than what they paid.  Thus, Defendants' false advertisements harm

13   consumers by depriving them of the reasonable expectations to which they are entitled.

14       37.    In addition, consumers are more likely to buy the product if they believe that the product

15   is on sale and that they are getting a product with a higher regular price and/or market value at a

16   substantial discount.

17       38.    Consumers that are presented with discounts are substantially more likely to make the

18   purchase.  "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often

19   closes the deal, if they are wavering or are undecided on making a purchase."[3]  And, "two-thirds of

20   consumers have made a purchase they weren't originally planning to make solely based on finding a

21   coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time

22   purchase with a brand that is new to them if they found an offer or discount."[4]

23

24

25

_____

26   [3] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/.
     [4] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online,
27   Especially Among Millennial Buyers (prnewswire.com).

CLASS ACTION COMPLAINT                        12                    Dovel & Luner, LLP
Case No.                                                           201 Santa Monica Blvd., Suite 600
                                                                   Santa Monica, CA 90401
                                                                   (310) 656-7066

39.     Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[5]

40.     Thus, Defendants' advertisements harm consumers by inducing them to make purchases based on false information.  In addition, by this same mechanism, Defendants' advertisements artificially increase consumer demand for Defendants' Products.  This puts upward pressure on the prices that Defendants can charge for their Products.  As a result, Defendants can charge a price premium for their Products, that they would not be able to charge absent the misrepresentations described above.  So, due to Defendants' misrepresentations, Plaintiff and the class paid more for the Products they bought than they otherwise would have.

**D.     Defendants know that their conduct is deceptive and illegal.**

41.     Defendants are aware that publishing fake sales, false regular prices, and deceptive discounts misleads consumers.  They know this because Defendant Closets by Design, Inc. was previously sued in the Central District of California for doing the same thing.[6]

42.     Further, Defendant Home Organizers' subsidary, Closet World, Inc. was also sued for the same practices by California District Attorneys in June 2000.

43.     Employees of Closets by Design even publicly discuss Defendants' deceptive practices by leaving reviews on platforms such as Glassdoor and Indeed:

---

[5] https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion rates from 3.4%-10%); Dynamic email content leads to 400% increase in conversions for Black Friday email | Adestra (uplandsoftware.com) (400% higher conversation rate for ad with countdown timer).

[6] https://www.classaction.org/news/closets-by-design-accused-of-selling-home-organizer-products-at-false-discount-prices

CLASS ACTION COMPLAINT
Case No.

13

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1.0 ★ ★ ★ ★ ★ ✔

Former Employee, more than 5 years

**The position was very demanding but not adequate compensation!**

Jul 5, 2020 - Sales Management in New York, NY

✖ Recommend    ✖ CEO Approval    ✖ Business Outlook

Pros
Some of my coworkers are nice.

Cons
Daily dealings with fake advertising. 40% coupon is a big scam to customers!

Advice to Management
Treat people with respect

---

**1.0** ★★★★★ **Will leave money off of your check**

Sales Designer (Former Employee) - Addison, TX - November 27, 2022

Don't bother it's basically a pyramid scheme. They constantly have a promotion of 40% off and it takes up a ton of time calculating the "before and after discount" prices which is not helpful at all to the sale. The customers know that is a lie and only see the discounted price as an opportunity to ask for a bigger discount. Half the month they offer 15% off so add that to 40 you get 55%. **According to the commission scale, once you reach 60% off you get no commission, and they price match the SEVERAL cheaper closet companies.** Which means you will be forced to do days worth of work for one client and in the end, once you're out of training, you get only commission at 9% and it scales down, the higher the discount, which in the end is at the managers discretion. They will do it without feeling bad. There's a two faced mentality here that is uncanny. Very southern set in their ways type of culture. The face to face meetings were always nice though and they faked generosity by giving gift cards to only those who were successful that month, in front of everyone in the sales part of the company.

---

**2.0** ★★★★★ **Bad Marketing, not modern**

Designer (Current Employee) - Miami, FL - December 24, 2022

The marketing strategy is a lie, 40% off + 15% off is a year round sale. Clients think you have a sale until they compare your quote to everyone else's. No computers, all designs by your own hand on paper!!!

44.    Despite this, Defendants have continued their practice of offering continuous sales that mislead shoppers into believing that they are getting a bargain, when none in fact exists.

CLASS ACTION COMPLAINT
Case No.
14
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

E.    **Plaintiff was misled by Defendants' misrepresentations.**

45.    In or around July 2022, Ms. Vernon saw an online advertisement from Defendants on Facebook, advertising 40% plus an additional 15% off.  Ms. Vernon saw the advertisement, and relied on the representation that her purchase would be 55% off.

46.    After seeing the advertisement, Ms. Vernon called Closets by Design and scheduled an initial consultation.  The initial consultation was to take place in Plaintiff's house, with a Closets by Design sales representative.

47.    Prior to the in-home consultation, Ms. Vernon visited Defendants' website, www.closetsbydesign.com.  On the website, she, once again, viewed the online advertisement for 40% plus an additional 15% off.  Ms. Vernon relied on Defendants' representation both on the Facebook advertisement and on Defendants' website that the Products would be 55% off.

48.    During the in-home consultation, the Closets by Design sales representative confirmed that Ms. Vernon would receive a 40% off plus an additional 15% off discount.  The sales representative represented that after applying the 55% off discount for Ms. Vernon's custom Everyday Closet and additional molding work, the discounted price would be roughly $10,000, meaning that the regular price of the Products before the 55% off discount was roughly $22,222.  After receving the discounted price estimate of $10,000, Ms. Vernon negotiated with the sales representative to lower the final price of her purchase to $8,700.

49.    Ms. Vernon read and relied on the representations on the Facebook advertisement, the website, and from Closets by Design's sales representative that she was receving a 55% discount, and thus, that she was receiving products with a market value of 55% more than she paid for a lower, discounted, price. She would not have made the purchase if she had known that the Products were not discounted as advertised, that they did not have the advertised regular price or market value, and that she was not receiving the advertised discount.

50.    Ms. Vernon faces an imminent threat of future harm.  Ms. Vernon would purchase Defendants' Products again if she could feel sure that Defendants would not illegally deceive her.  But without an injunction, she cannot trust that Defendants will comply with the consumer protection

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

statutes. Accordingly, Ms. Vernon is unable to rely on Defendants' advertising in the future, and so cannot purchase the Products she would like to.

**F.    Defendants breached their contract.**

51.    When Ms. Vernon purchased and paid for the Closets by Design Products that she bought as described above, she accepted offers that Defendants made, and thus, a contract was formed at the time that she made the purchase. The offer was to provide Products having a particular regular price and market value, and to provide those Products at the discounted value advertised on the website, in advertisements, and by Defendants' sales representative.

52.    Ms. Vernon and Defendants entered a contract.

53.    The regular price and market value of the Products that Ms. Vernon would receive, and the amount of the discount that she would be provided off the regular price of the items, were specific and material terms of the contract.

54.    Ms. Vernon performed her obligations under the contract by paying Defendants.

55.    Defendants breached their contract by failing to provide Ms. Vernon with Products with a market value equal to their regular price, and by failing to provide the discount promised.

**G.    No adequate remedy at law.**

56.    Plaintiff seeks damages and, in the alternative, restitution. Plaintiff is permitted to seek equitable remedies in the alternative because she has no adequate remedy at law. A legal remedy is not adequate if it is not as certain as an equitable remedy. The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims. Plaintiff's remedies at law are also not equally prompt or efficient as their equitable ones. For example, the need to schedule a jury trial may result in delay. And a jury trial will take longer, and be more expensive, than a bench trial.

**V.    Class Action Allegations.**

57.    Plaintiff brings the asserted claims on behalf of the proposed class of:

- <u>Nationwide Class</u>: all persons who, within the applicable statute of limitations period, purchased one or more Closets by Design Products advertised at a discount.

- <u>Washington Subclass</u>: all persons who, while in the state of Washington and within the

applicable statute of limitations period, purchased one or more Closets by Design

Products advertised at a discount.

58.    The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### Numerosity & Ascertainability

59.    The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are tens or hundreds of thousands of class members.

60.    Class members can be identified through Defendants' sales records and public notice.

### Predominance of Common Questions

61.    There are questions of law and fact common to the proposed class.  Common questions of law and fact include, without limitation:

(1) whether Defendants made false or misleading statements of fact in their advertisements;

(2) whether Defendants violated Washington's consumer protection statutes;

(3) whether Defendants committed a breach of contract;

(4) whether Defendants committed a breach of an express or implied warranty;

(5) damages needed to reasonably compensate Plaintiff and the proposed class.

### Typicality & Adequacy

62.    Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased the Closets by Design Products advertised at a discount on Defendants' website and advertisements.  There are no conflicts of interest between Plaintiff and the class.

### Superiority

63.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI.    Claims.

### Count I: Violation of the Washington Consumer Protection Act: RCW Chapter 19.86

### (By Plaintiff and the Washington Subclass)

64.     Plaintiff incorporates each and every factual allegation set forth above.

65.     Plaintiff brings this cause of action on behalf of herself and members of the Washington Subclass.

66.     Defendants have violated the Washington Consumer Protection Act (CPA), RCW Chapter 19.86.

67.     Section 19.86.020 of the CPA states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020.

68.     Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee.  A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights."  Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act— Introduction) (internal citations omitted); RCW § 1986.090.

69.     Defendants engage in the conduct of trade or commerce within the meaning of the CPA.  Defendants do this by selling home organizing products in a manner that directly and indirectly affects people of the state of Washington.

70.     As alleged more fully above, Defendants made and disseminated untrue and misleading statements of facts in their advertisements to subclass members, constituting acts of unfair methods of competition and/or unfair or deceptive acts or practices.

71.     Defendants did this by advertising limited-time offers that were not actually limited in time, false regular prices, and false discounts regarding their Products.

72.     Defendants' representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendants knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

73.     Defendants' misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the Products.  Defendants' misrepresentations were a substantial factor in Plaintiff's purchase decision.

74.     In addition, subclass-wide reliance can be inferred because Defendants' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Closets by Design Products.

75.     Defendants' misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

76.     Plaintiff and the subclass were injured as a direct and proximate result of Defendants' conduct because (a) they would not have purchased the Closets by Design Products if they had known the truth, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation, and/or (c) they received products with market values lower than the promised market values.

77.     Defendants' acts or omissions are injurious to the public interest because these practices were committed in the course of Defendants' business and were committed repeatedly before and after Plaintiff purchased Defendants' Products.  They are part of a pattern of unfair and deceptive advertisements.  These actions have injured other persons, and, if continued, have the capacity to injure additional persons.

## Count II: Breach of Contract

### (By Plaintiff and the Nationwide Class)

78.     Plaintiff incorporates each and every factual allegation set forth above.

CLASS ACTION COMPLAINT
Case No.

19

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

79.    Plaintiff brings this cause of action on behalf of herself and the Nationwide Class.  In the alternative, Plaintiff brings this cause of action on behalf of herself and the Washington Subclass.

80.    Plaintiff and class members entered into contracts with Defendants when they placed orders to purchase Defendants' Products.

81.    The contracts provided that Plaintiff and class members would pay Defendants for the Products ordered.

82.    The contracts further required that Defendants provide Plaintiff and class members with Products that have a former price, and a market value, equal to the purported regular prices.  They also required that Defendants provide Plaintiff and the class members with the discount advertised on the website and on advertisements.  These were specific and material terms of the contract.

83.    The specific discounts were a specific and material term of each contract, and were displayed to Plaintiff and class members at the time they placed their orders.

84.    Plaintiff and class members paid Defendants for the Products they ordered, and satisfied all other conditions of their contracts.

85.    Defendants breached the contracts with Plaintiff and class members by failing to provide Products that had a prevailing market value equal to their purported regular prices, and by failing to provide the promised discounts.  Defendants did not provide the discounts that Defendants had promised.

86.    As a direct and proximate result of Defendants' breaches, Plaintiff and class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

### Count III: Breach of Express Warranty

### (By Plaintiff and the Nationwide Class)

87.    Plaintiff incorporates each and every factual allegation set forth above.

88.    Plaintiff brings this cause of action on behalf of herself and the Nationwide Class.  In the alternative, Plaintiff brings this cause of action on behalf of herself and the Washington Subclass.

89.     Defendants, as the manufacturer, marketer, distributor, supplier, and/or seller of the Closets by Design Products, issued material, written warranties by advertising that the Products had a prevailing market value equal to their purported regular price.  This was an affirmation of fact about the Products (i.e., a representation about the market value) and a promise relating to the goods.

90.     Defendants also issued material, written warranties by representing that the Products were being sold at an advertised discounted price. This was an affirmation of fact about the Products and a promise relating to the goods.

91.     These warranties were part of the basis of the bargain and Plaintiff and members of the class relied on these warranties.

92.     In fact, the Closets by Design Products did not have a a market value equal to the purported regular prices.  And the Products were not actually sold at the advertised discounts.  Thus, the warranties were breached.

93.     Plaintiff provided Defendants with notice of these breaches of warranty, by mailing a notice letter to Defendants' headquarters, on July 14, 2023.

94.     Plaintiff and the class were injured as a direct and proximate result of Defendants' breaches, and these breaches were a substantial factor in causing harm, because (a) they would not have purchased Closets by Design Products if they had known that the warranty was false, or (b) they overpaid for the Products because the Products were sold at a price premium due to the warranty.

## Count IV: Breach of Implied Warranty

### (By Plaintiff and the Washington Subclass)

95.     Plaintiff incorporates each and every factual allegation set forth above.

96.     Plaintiff brings this cause of action on behalf of herself and members of the Washington Subclass.

97.     As described in greater detail above, Defendants impliedly warranted that the Closets by Design Products had a market value equal to their purported regular price.

98.     This warranty was part of the basis of the bargain and Plaintiff and members of the subclass relied on this warranty.

CLASS ACTION COMPLAINT
Case No.                                                                21

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

99. In fact, the Closets by Design Products did not have a market value equal to the regular price displayed. Thus, the warranty was breached.

100. Plaintiff provided Defendants with notice of this breach of warranty, by mailing a notice letter to Defendants' headquarters, on July 14, 2023.

101. Plaintiff and the subclass were injured as a direct and proximate result of Defendants' breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased Closets by Design Products if they had known the truth, or (b) they overpaid for the Products because the Products were sold at a price premium due to the warranty.

## Count V: Quasi-Contract/Unjust Enrichment

### (By Plaintiff and the Nationwide Class)

102. Plaintiff incorporates each and every factual allegation in paragraphs 1-43, and 49-56 above.

103. Plaintiff brings this cause of action in the alternative to her Breach of Contract claim (Count III), on behalf of herself and the Nationwide Class. In the alternative, Plaintiff brings this claim on behalf of herself and the Washington Subclass.

104. As alleged in detail above, Defendants' false and misleading advertising caused Plaintiff and the class to purchase Closets by Design Products and to pay a price premium for these Products.

105. In this way, Defendants received a direct and unjust benefit, at Plaintiff's expense.

106. Plaintiff and the class seek restitution.

## Count VI: Negligent Misrepresentation

### (By Plaintiff and the Washington Subclass)

107. Plaintiff incorporates each and every factual allegation set forth above.

108. Plaintiff brings this cause of action on behalf of herself and members of the Washington Subclass.

109. As alleged more fully above, Defendants made false representations and material omissions of fact to Plaintiff and subclass members concerning the existence and/or nature of the discounts and savings advertised on their website and on other advertisements.

110. These representations were false.

111. When Defendants made these misrepresentations, they knew or should have known that they were false. Defendants had no reasonable grounds for believing that these representations were true when made.

112. Defendants intended that Plaintiff and subclass members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

113. In addition, subclass-wide reliance can be inferred because Defendants' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Closets by Design Products.

114. Defendants' misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and subclass members.

115. Plaintiff and the subclass were injured as a direct and proximate result of Defendants' conduct because (a) they would not have purchased Closets by Design Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

**Count VII: Intentional Misrepresentation**

**(By Plaintiff and the Washington Subclass)**

116. Plaintiff incorporates each and every factual allegation set forth above.

117. Plaintiff brings this cause of action on behalf of herself and members of the Washington Subclass.

118. As alleged more fully above, Defendants made false representations and material omissions of fact to Plaintiff and subclass members concerning the existence and/or nature of the discounts and savings advertised on their website and on other advertisements.

119. These representations were false.

120. When Defendants made these misrepresentations, they knew that they were false at the time that they made them and/or acted recklessly in making the misrepresentations.

121.    Defendants intended that Plaintiff and subclass members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

122.    In addition, subclass-wide reliance can be inferred because Defendants' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Closets by Design Products.

123.    Defendants' misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and subclass members.

124.    Plaintiff and the subclass were injured as a direct and proximate result of Defendants' conduct because (a) they would not have purchased Closets by Design Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

## VII.    Jury Demand.

125.    Plaintiff demands the right to a jury trial on all claims so triable.

## VIII.    Prayer for Relief.

126.    Plaintiff seeks the following relief for herself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;

- A judgment in favor of Plaintiff and the proposed class;

- Damages, treble damages, and punitive damages where applicable;

- Restitution;

- Disgorgement, and other just equitable relief;

- Pre- and post-judgment interest;

- An injunction prohibiting Defendants' deceptive conduct, as allowed by law;

- Reasonable attorneys' fees and costs, as allowed by law;

- Any additional relief that the Court deems reasonable and just.

CLASS ACTION COMPLAINT
Case No.                                                    24

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Dated: August 7, 2023

Respectfully submitted,

Carson & Noel, PLLC

By: /s/ Wright A. Noel

Wright A. Noel, WSBA No. 25264
20 Sixth Ave. NE
Issaquah WA 98027Tel: 425-395-7786
Fax: 425-837-5396
Email: wright@carsonnoel.com

Christin K. Cho (Cal. Bar No. 238173)*
christin@dovel.com
Simon C. Franzini (Cal. Bar No. 287631)*
simon@dovel.com
Grace Bennett (Cal. Bar No. 345948)*
grace@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Counsel for Plaintiff*

**Pro Hac Vice* applications forthcoming

CLASS ACTION COMPLAINT
Case No.

25

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066